**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **MARRIAN ZAMBRANO,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **CIVIL ACTION  16-0554-WS-M** |
| | ) |
| **FUNDACION NAO VICTORIA, etc.,** | ) |
| | ) |
| **Defendant.** | ) |

**ORDER**

The complaint was filed November 3, 2016, with a Spanish foundation named as the only defendant.  (Doc. 1).  The file does not reflect that the plaintiff has perfected service.  The plaintiff's failure to perfect service within 90 days after filing the complaint exposes her action to dismissal without prejudice under Rule 4(m).  Accordingly, on March 7, 2017, the Court ordered the plaintiff to show cause why the action should not be dismissed pursuant to Rule 4(m).  (Doc. 5).

The plaintiff responds that she immediately attempted service on the foreign defendant's local agent but learned on November 9, 2016 that the purported agent was not actually the defendant's agent.  At about that time, plaintiff's counsel sustained severe lacerations to his knees, and a month later he severely sprained his ankle when his foot slipped off a step.  Counsel received ten hyperbaric treatments, visited a wound clinic multiple times, and was seen by a number of physicians, although the time frame during which these activities occurred is not stated.  Counsel was admitted to hospital from January 2 through 9, 2017, during which time a wound became infected, resulting in continuing wound care.  At some unidentified point, counsel's injuries rendered him unable to walk without a walker.  He began physical therapy on January 25, 2017 and graduated from a walker to a cane on February 24, 2017.  Three days later, counsel mailed a

request to waive service to the defendant in Seville, Spain.  In the likely event the defendant declines to waive service,[1] the plaintiff intends to proceed under the Hague Convention.

"[I]f the plaintiff shows good cause for the failure [to serve the defendant], the court must extend the time for service for an appropriate period."  Fed. R. Civ. P. 4(m).  As the Court warned the plaintiff in its show cause order, "[g]ood cause exists only when some outside factor such as reliance on faulty advice, rather than inadvertence or negligence, prevented service."  *Lepone-Dempsey v. Carroll County Commissioners*, 476 F.3d 1277, 1281 (11th Cir. 2007) (internal quotes omitted).

The plaintiff does not address good cause expressly but apparently relies on counsel's injuries to establish it.  "Courts that have addressed untimely service due to illness have noted:  Courts are disinclined to find good cause on the basis of mere assertions that counsel found it inconvenient or difficult to effect service in a timely manner."  *Ferguson v. Management Training Corp*., 2017 WL 107969 at *2 (D. Ore. 2017) (internal quotes omitted) (citing cases); *accord Gibbs v. Imagimed, LLC*, 2013 WL 2372265 at *2 (S.D.N.Y. 2013) (citing cases).  Clearly counsel's injuries made the practice of law more difficult during portions of the last four months,[2] but the plaintiff has failed to show that counsel was incapacitated throughout this period by injuries "so serious as to prevent so

---

[1] A defendant is under no obligation to waive service, although it can be tagged with the costs of service if, without good cause, it declines to do so.  Fed. R. Civ. P. 4(d)(2).  The Court has been given no reason to expect the Spanish defendant to concede service so easily, especially given that the notice and request, contrary to Rule 4(d)(1)(A)(ii), is not addressed to an officer or appropriate agent of the defendant.  (Doc. 6-2 at 1).

[2] Counsel was hospitalized for only one week of this period.  He received substantial medical treatment outside the hospital, but from the vague descriptions provided it is impossible to conclude he was unable to practice law as a result.  His temporary need for a walker (apparently arising only in January 2017) would predictably slow his movement, but many lawyers work with physical infirmities.  It is notable that the plaintiff does not assert his counsel was incapacitated but only that his treatment "has been very time consuming."  (Doc. 6 at 3).

unstrenuous an effort as service of a complaint." *Id*. (internal quotes omitted). Nor has the plaintiff explained why his counsel's partner – who has entered a notice of appearance – could not have taken any steps to effect service. The Court is unable to conclude from the plaintiff's showing that his counsel's physical condition constitutes good cause for the failure to effect service.

The plaintiff points out that Rule 4(m) does not apply when service is attempted under the Hague Convention. (Doc. 6 at 3). This is correct, *see* Fed. R. Civ. P. 4(f)(1), 4(m), but the plaintiff has not attempted such service. When a plaintiff does not attempt service under the Hague Convention before the 90-day (formerly 120-day) period of Rule 4(m) expires, Rule 4(m)'s exclusion for such service is not in play and cannot provide good cause. *Sikhs for Justice v. Nath*, 850 F. Supp. 2d 435, 441 (S.D.N.Y. 2012); *Norrenbrock Co. v. Ternium Mexico*, 2014 WL 556733 at *2 (W.D. Ky. 2014).

Absent good cause, the Court may, but need not, allow additional time. *Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1132 (11th Cir. 2005); *accord Lepone-Dempsey*, 476 F.3d at 1281-82. In determining whether to exercise its discretion to extend the time for service despite the lack of good cause, a court considers whether the defendant is evading service, whether it is concealing defects in service, and whether the statute of limitations will bar the re-filing of the lawsuit should it be dismissed. *Horenkamp*, 402 F.3d at 1132. The foregoing is "not an exhaustive list" of factors a court may consider. *Lepone-Dempsey*, 476 F.3d at 1182. This explanation appears essentially *verbatim* in the Court's show cause order. (Doc. 5 at 1).

The plaintiff, however, has not addressed these factors or identified any others. It is plain the defendant is not evading service or concealing defects in service, since the plaintiff has not attempted service. As for the limitations period, the only cause of action the complaint alleges is negligence; since jurisdiction is based exclusively on diversity, and since the incident occurred on the Mobile River, the two-year limitations period found in Ala. Code § 6-2-38(*l*) controls.

*E.g., Booker v. United American Insurance Co.*, 700 So. 2d 1333, 1339 (Ala. 1997).  The incident is alleged to have occurred in November 2015, so it is clear the plaintiff is able to re-file her action before the limitations period expires.

For the reasons set forth above, this action is **dismissed without prejudice** pursuant to Rule 4(m).

DONE and ORDERED this 16th day of March, 2017.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE